Graham, Judge,
delivered the opinionof the court:
This is a suit for the purchase of spare parts and other articles and for repair work done to automobiles at different times under orders duly issued by officers of the United States authorized for that purpose. The goods were received and the work accepted by the defendant and the amounts admitted to be due. Payment was refused upon the ground that the defendant had an offset which in amount more than covered the claim. It is unnecessary to discuss the offset. It has been ruled upon in a previous case by this court, Locomobile Gompany of America, 57 C. Cls. 617, and there is no proof as to it in the record. The facts are not in dispute, and the Government states that it does not object to the request for findings of fact of the plaintiff.
The parties plaintiff named in the petition are Elmer H-Havens, Trustee in Bankruptcy of the Locomobile Company, The Locomobile Company of America, a corporation, and Hare’s Motors, Incorporated, a corporation. The latter company was a subsidiary of the Locomobile Company and its sales agent. Prior to April 1,1920, the Locomobile Company of America, a corporation of the State of West Virginia, owned a factory located in the city of Bridgeport, State of Connecticut, with certain real and personal property, and on that date the Locomobile Company, a corporation of the State of Delaware, bought of the Locomobile Company of America this factory and all of its tangible property, real and personal, including automobile trucks, parts, raw and partly finished material. Thereafter, orders were delivered by the duly authorized officers of the defendant to the Locomobile Company for the delivery of spare parts and other articles and for doing certain repair work to automobiles. Some of these orders were addressed to the Locomobile Company of America and some to the Hare’s Motors, Incorporated, but the work was all done and the materials all furnished by the Locomobile Company, and were received and accepted by the defendant’s authorized representatives from it without dispute or question as to the amount involved; but, as stated, payment was refused on the ground that defendant possessed a claim of offset against the Locomobile Company of America, and for this *36 reason refused to pay the claim. It is unnecessary to say more of the offset than what has been said above.
Later the Locomobile Company was adjudged a bankrupt and Elmer H. Havens was duly appointed trustee, and authorized by the court so appointing him to bring suit to recover the amount of the claims herein disputed.
It is evident from the facts that the only party having a right to recover for the claims herein asserted is the said trustee in bankruptcy of the Locomobile Company. Neither the Locomobile Company of America nor the Hare’s Motors has any interest in these claims and they have been improperly made parties plaintiff.
The legal right here is in the said trustee alone. There is no privity of right as to these claims between the plaintiff Elmer H. Havens, trustee, etc., and the other plaintiffs; the latter possessed no rights of property in the claims. They and neither of them have any identity of interest with the said trustee. They have no interest at all and were erroneously and improperly joined as parties. This mis-joinder the court will correct.
It has been its practice where it has taken jurisdiction in a case such as this, in which the claim is for money asserted to be due by the United States, to take such action as it may deem necessary to finally dispose of the claim litigated and give judgment in favor of the real party in interest, the party who, under the facts, is shown to be the party entitled to recover, and will strike from the record the names of those who have been improperly joined as plaintiffs. In the case of Benton v. United States, 5 C. Cls. 692, 695, the suit was erroneously brought in the name of the husband and wife. It appearing just prior to the argument that the wife was not a proper party and had no right to recover, the court, on motion, struck out her name and after having entered judgment in favor of the husband. In Ramsdell & Smith v. United States, 2 C. Cls. 508, it appeared that Ramsdell took contracts in his own name, though he was in fact acting not for himself but as the agent of Smith, and was not a real party in interest. The court held that the misjoinder would be disregarded and ■entered judgment in favor of Smith as the real party in *37 interest. The court said: “ but the evidence shows that Smith was the party and the only party in interest in the contract; that he alone furnished the guns, and was alone entitled to the payment for them.” See to the same effect Thompson et al. v. United States, 9 C. Cls. 187, 198, where the plaintiff sued on a contract made in the name of T. T. Taylor, who the proof showed was his agent. The court held that the plaintiffs being the real parties in interest, judgment should be entered in their favor.
As to the Locomobile Company of America and Hare’s Motors, suit should be dismissed and judgment for the amount claimed in the petition entered in favor of Elmer H. Havens, trustee in bankruptcy of the Locomobile Company,, and it is so ordered.
Hat, Judge; Downet, Judge; Booth, Judge, and Campbell, Chief Justice, concur.